IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

BRUCE LONG and DEREK VOLKMAN, on
behalf of themselves and all others similarly
situated,

                      Plaintiffs,

        *vs*.

UNIVERSAL FIDELITY LP,

                      Defendant.

Case No.: 1:18-cv-00931

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT
COLLECTION PRACTICES ACT AND DEMAND FOR JURY TRIAL**

      Plaintiffs, BRUCE LONG and DEREK VOLKMAN, on behalf of themselves and all others similarly situated, bring this action for the illegal practices of Defendant, UNIVERSAL FIDELITY, LP, ("UNIVERSAL"), by and through their attorneys, say:

### I.    PRELIMINARY STATEMENT

      1.    Plaintiffs, individually and on behalf of the class they seek to represent, bring this action for the illegal practices of UNIVERSAL who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from Plaintiffs and other similarly situated Wisconsin consumers.

      2.    Plaintiffs allege UNIVERSAL's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

      3.    Such collection practices include, *inter alia*, sending consumers written communications in an attempt to collect debts, which fail to identify the creditor and overshadow consumers' rights to cease communications.

4. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The U.S. Congress, finding evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).

6. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). These *per se* violations include the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7. The FDCPA at 15 U.S.C. § 1692g, requires a debt collector provide list of certain information regarding a debt in its initial communication with a consumer. Required information includes the name of the creditor to whom the debt is owed. 15 U.S.C. § 1692g(a)(2).

8. The Plaintiffs, on behalf of themselves and all others similarly situated, seek statutory damages, actual damages, declaratory relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II. PARTIES

9. LONG is a natural person.

10. LONG is a natural person.

11. At all times relevant to this lawsuit, LONG is a citizen of, and resides in, Appleton, Winnebago County, Wisconsin.

12. VOLKMAN is a natural person.

13. At all times relevant to this lawsuit, VOLKMAN is a citizen of, and resides in, Neenah, Winnebago County, Wisconsin.

14. At all times relevant to this complaint, UNIVERSAL is a limited partnership existing pursuant to the laws of the State of Texas.

15. UNIVERSAL maintains its principal business address at, 900 Threadneedle Street, Suite 600 Houston, Texas.

## III. JURISDICTION & VENUE

16. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

17. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiffs' claims occurred within this federal judicial district, and because UNIVERSAL is subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

## IV. FACTS

18. UNIVERSAL regularly collects, and attempts to collect, defaulted debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

19. By letter dated June 19, 2017 ("Long Letter"), UNIVERSAL attempted to collect from LONG an allegedly defaulted financial obligation that arose out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were incurred for personal, family, and household purposes.

20. A true copy of the Long Letter is attached as *Exhibit A* except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers to protect LONG's privacy.

21. On information and belief, UNIVERSAL obtained the financial obligation ("Long Debt") described in *Exhibit A* for collection purposes after it was in default.

22. It is unknown if *Exhibit A* is the initial letter UNIVERSAL sent LONG regarding the Long Debt.

23. On information and belief, *Exhibit A* is a computer-generated, template form letter that UNIVERSAL uses to collect debts.

24. Page One of *Exhibit A* refers to UNIVERSAL's client, but never identifies the creditor.

25. *Exhibit A* also states "Why not pay the amount you owe and take care of this account once and for all? This would STOP further collection phone calls and/or letters on this account." [Emphasis in original.]

26. The FDCPA in 15 U.S.C. § 1692c requires a debt collector to stop contacting a consumer when a consumer notifies a debt collector in writing that they (i) refuse to pay a debt, or (ii) wish the debt collector cease further communication with the consumer.

27. ***Exhibit A*** deprived LONG of truthful, non-misleading, information in connection with UNIVERSAL's attempt to collect a debt.

28. By letter dated January 4, 2018 ("Volkman January Letter"), UNIVERSAL attempted to collect from VOLKMAN an allegedly defaulted financial obligation that arose out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were incurred for personal, family, and household purposes.

29. A true copy of the Volkman January Letter is attached as ***Exhibit B*** except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers to protect VOLKMAN's privacy.

30. On information and belief, UNIVERSAL obtained the financial obligation ("Volkman Debt") described in ***Exhibit B*** for collection purposes after it was in default.

31. It is unknown if ***Exhibit B*** is the initial letter UNIVERSAL sent VOLKMAN regarding the Volkman Debt.

32. On information and belief, ***Exhibit B*** is a computer-generated, template form letter that UNIVERSAL uses to collect debts.

33. Page One of ***Exhibit B*** refers to "Bradford Authenticated" and states that UNIVERSAL was asked by "Bradford Authenticated" to contact VOLKMAN "regarding [his] account."

34. Page One of ***Exhibit B*** instructs VOLKMAN to mail a payment "made payable to The Bradford Exchange."

35. ***Exhibit B*** does not identify the creditor of the Volkman Debt.

36. ***Exhibit B*** also states "there is still time to respond in order to prevent further contact by Universal Fidelity LP."

37. The FDCPA in 15 U.S.C. § 1692c requires a debt collector to stop contacting a consumer when a consumer notifies a debt collector in writing that they (i) refuse to pay a debt, or (ii) wish the debt collector cease further communication with the consumer.

38. By letter dated February 15, 2018 ("Volkman February Letter"), UNIVERSAL attempted to collect from VOLKMAN the Volkman Debt.

39. A true copy of the Volkman February Letter is attached as ***Exhibit C*** except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers to protect VOLKMAN's privacy.

40. It is unknown if ***Exhibit C*** is the initial letter UNIVERSAL sent VOLKMAN regarding the Volkman Debt.

41. On information and belief, ***Exhibit C*** is a computer-generated, template form letter that UNIVERSAL uses to collect debts.

42. Page One of ***Exhibit C*** refers to "Bradford Authenticated," identifies an "Account No." and then states "[t]he debt that you owe to the above-referenced client has been placed with Universal Fidelity LP…."

43. There is no "client" referenced on ***Exhibit C***.

44. Page One of ***Exhibit C*** then instructs VOLKMAN to mail a payment "made payable to UFLP."

45. ***Exhibit C*** does not identify the creditor of the Volkman Debt.

46. ***Exhibits B*** and ***C*** deprived VOLKMAN of truthful, non-misleading, information in connection with UNIVERSAL's attempt to collect a debt.

47. The reverse side of ***Exhibits A, B,*** and ***C*** all contain the following statement:

> UNLESS YOU NOTIFY UNIVERSAL FIDELITY LP, WITHIN 30 DAYS AFTER RECEIVING YOUR INITIAL NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, UNIVERSAL FIDELITY LP WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY UNIVERSAL FIDELITY LP IN WRITING WITHIN 30 DAYS FROM RECEIVING YOUR INITIAL NOTICE, UNIVERSAL FIDELITY LP WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGEMENT AND MAIL YOU A COPY OF SUCH JUDGEMENT OR VERIFICATION. IF YOU MAKE A REQUEST TO UNIVERSAL FIDELITY LP IN WRITING WITHIN 30 DAYS AFTER RECEIVING YOUR INITIAL NOTICE, UNIVERSAL FIDELITY LP WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

48. ***Exhibits A, B,*** and ***C*** state that the consumer has the right to seek validation of the debt "within 30 days after receiving your initial notice that you dispute the validity of this debt or any portion thereof . . . ." but do not state whether ***Exhibits A, B,*** and ***C*** are the "initial notice."

49. ***Exhibits A, B,*** and ***C*** mislead the unsophisticated consumer to believe the validation period began before receiving ***Exhibits A, B,*** and ***C*** and had, potentially, already expired.

50. An unsophisticated consumer could understand "your initial notice" to mean the initial validation notice, was provided by some other debt collector that had previously collected on the same debt. *See, e.g., Sanchez v. Jackson*, 2016 U.S. Dist. LEXIS 160776, at *27 (N.D. Ill. Nov. 21, 2016) ("the notification provisions of § 1692g apply to the initial communication made in connection with the collection of a debt by each successive debt collector.")

51. An unsophisticated consumer would not understand the notice they were receiving to be the initial notice and would be confused and misled as to when the 30-day period actually began.

## V. POLICIES AND PRACTICES COMPLAINED OF

52. It is UNIVERSAL's policy and practice to engage in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e and 1692g by sending letters, such as *Exhibits A, B,* and *C* which seek to collect defaulted debts that violate the FDCPA

## VI. CLASS ALLEGATIONS

53. This action is brought as a class action. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

54. Plaintiffs seek to certify a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

55. This claim is brought on behalf of a Class of all persons to whom UNIVERSAL mailed a written communication that was not returned as undeliverable, to an address in the State of Wisconsin, during the period of June 19, 2017 through July 10, 2018, in an attempt to collect a defaulted account, and which states:

> UNLESS YOU NOTIFY UNIVERSAL FIDELITY LP, WITHIN 30 DAYS AFTER RECEIVING YOUR INITIAL NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, UNIVERSAL FIDELITY LP WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY UNIVERSAL FIDELITY LP IN WRITING WITHIN 30 DAYS FROM RECEIVING YOUR INITIAL NOTICE, UNIVERSAL FIDELITY LP WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGEMENT AND MAIL YOU A COPY OF SUCH JUDGEMENT OR VERIFICATION. IF YOU MAKE A REQUEST TO UNIVERSAL FIDELITY LP IN WRITING WITHIN 30 DAYS AFTER RECEIVING YOUR INITIAL NOTICE, UNIVERSAL FIDELITY LP WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

56. The identities of the Class members are readily ascertainable from UNIVERSAL's business records.

57. The Class claims include all claims Class members may have for a violation of the FDCPA based on a letter from UNIVERSAL, such as *Exhibits A, B,* and *C*, which seek to collect defaulted debts.

58. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a

well-defined community interest in the litigation:

> (a) **Numerosity:** On information and belief that Class is so numerous that joinder of all members would be impractical and includes at least 40 members.
>
> (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. With respect to the Class, the principal issues are whether UNIVERSAL's written communications to Wisconsin consumers, such as ***Exhibits A, B,*** and ***C*** violate 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), and 1692g(a).
>
> (c) **Typicality:** Plaintiffs' claims are typical of Class members' claims. Plaintiffs and all Class members have claims arising from UNIVERSAL's common course of conduct complained of herein.
>
> (d) **Adequacy:** Plaintiffs will fairly and adequately protect the interests of the Class members insofar as Plaintiffs have no interests that are averse to, or conflict with, absent Class members. Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

59. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to

other available methods for the fair and efficient adjudication of the controversy.

60. Based on discovery and further investigation (including, but not limited to, UNIVERSAL's disclosure of class size and net worth), Plaintiffs may, in addition to moving for class certification using modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include/exclude consumers from the foregoing definitions.

## VII. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

61. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

62. UNIVERSAL is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

63. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

64. *Exhibit B* is a "communication" as defined by 15 U.S.C. § 1692a(2).

65. *Exhibit C* is a "communication" as defined by 15 U.S.C. § 1692a(2).

66. The Long Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

67. The Volkman Debt is a "debt" as defined by 15 U.S.C. §1692a(5)

68. LONG is a "consumer" as defined by 15 U.S.C. § 1692a(3).

69. VOLKMAN is a "consumer" as defined by 15 U.S.C. § 1692a(3).

70. *Exhibit A* was mailed to LONG to collect the Long Debt.

71. *Exhibit B* was mailed to VOLKMAN to collect the Volkman Debt.

72. *Exhibit C* was mailed to VOLKMAN to collect the Volkman Debt.

73. *Exhibits A, B,* and *C* deprived Plaintiffs of truthful, non-misleading, information in connection with UNIVERSAL's attempt to collect a debt.

74. UNIVERSAL's use of *Exhibits A, B,* and *C* violated the FDCPA in one or more following ways:

    (a) Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e including, but not limited to, violations of §§ 1692e(2), 1692e(10), and 1692g(a); and

    (b) Failing to identify the name of the creditor to whom the debt is owed in violation of 15 U.S.C. § 1692g(a)(2).

## VIII. PRAYER FOR RELIEF

75. WHEREFORE, Plaintiffs respectfully request the Court enter judgment in their favor and in favor of the Class and against as follows:

**A.　For the FIRST CAUSE OF ACTION**:

    (i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure including, but not limited to, defining the Class, the class claims, appointing Plaintiffs as the class representatives, and the undersigned counsel to represent the Class;

    (ii) An award of actual damages for Plaintiffs and the Class pursuant to 15 U.S.C. § 1692k(a)(1);

    (iii) An award of statutory damages for Plaintiffs and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

    (iv) An incentive award for Plaintiffs, to be determined by the Court, for Plaintiffs' services to the Class;

(v) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C.

§ 1692k(a)(3); and

(vi) For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiffs hereby demand that this case be tried before a Jury.

*s/ Andrew T. Thomasson*
Philip D. Stern (NJ Bar # 045921984)
Andrew T. Thomasson (NJ Bar # 048362011)
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
Telephone: (973) 379-7500
Facsimile: (973) 532-5868
E-Mail: philip@sternthomasson.com
E-Mail: andrew@sternthomasson.com

*Attorneys for Plaintiffs, Bruce Long and Derek Volkman*