UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF WISCONSIN

BRUCE LONG and DEREK VOLKMAN, on behalf of themselves and all others similarly situated,

*Plaintiffs,*

-against-

UNIVERSAL FIDELITY LP,

*Defendant.*

Case No.: 1:18-cv-00931

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S ANSWER TO PLAINTIFFS'
CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
<u>FAIR DEBT COLLECTION PRACTICES ACT AND DEMAND FOR JURY TRIAL</u>**

Defendant Universal Fidelity LP (the "Defendant"), by and through its undersigned counsel, hereby responds to the allegations set forth in the Class Action Complaint for Violations of the Fair Debt Collection Practices Act and Demand for Jury Trial (the "Complaint") filed by Bruce Long and Derek Volkman (the "Plaintiffs") on behalf of themselves and others similarly situated in the above captioned action as follows:

**I.  PRELIMINARY STATEMENT**

1.  Paragraph 1 of the Complaint contains a description of Plaintiffs' action, to which no response is required.  To the extent a response is required, Defendant denies those allegations.

2.  Paragraph 2 of the Complaint contains a description of Plaintiffs' action, to which no response is required.  To the extent a response is required, Defendant denies those allegations.

3. The allegations contained in paragraph 3 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 3 of the Complaint.

4. The allegations contained in paragraph 4 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 4 of the Complaint.

5. The allegations contained in paragraph 5 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 5 of the Complaint.

6. The allegations contained in paragraph 6 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 6 of the Complaint.

7. The allegations contained in paragraph 7 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint contains a description of Plaintiffs' action, to which no response is required. To the extent a response is required, Defendant denies those allegations.

## II. PARTIES

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore denies them.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and therefore denies them.

4827-3580-8621, v. 2

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and therefore denies them.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and therefore denies them.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore denies them.

14. Defendant admits the allegations contained in paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in paragraph 15 of the Complaint.

### III. JURISDICTION AND VENUE

16. The allegations contained in paragraph 16 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. The allegations contained in paragraph 17 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 17 of the Complaint.

### IV. FACTS

18. Defendant admits the allegations contained in paragraph 18 of the Complaint.

19. Defendant states that the Long Letter is the best evidence of its contents and denies all allegations contained in paragraph 19 of the Complaint inconsistent with that document.

4827-3580-8621, v. 2

20. Defendant denies the allegations contained in paragraph 20 of the Complaint. Defendant further states that the document attached as Exhibit A to the Complaint does not include the payment information that was included at the bottom of both pages of the Long Letter.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant states that the Long Letter is the best evidence of its contents and denies all allegations contained in paragraph 25 of the Complaint inconsistent with that document.

26. The allegations contained in paragraph 26 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant states that the Volkman January Letter is the best evidence of its contents and denies all allegations contained in paragraph 28 of the Complaint inconsistent with that document.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint. Defendant further states that the document attached as Exhibit B to the Complaint does not include the payment information that was included at the bottom of both pages of the Volkman January Letter.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

4827-3580-8621, v. 2

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant states that the Volkman January Letter is the best evidence of its contents and denies all allegations contained in paragraph 33 of the Complaint inconsistent with that document.

34. Defendant states that the Volkman January Letter is the best evidence of its contents and denies all allegations contained in paragraph 34 of the Complaint inconsistent with that document.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant states that the Volkman January Letter is the best evidence of its contents and denies all allegations contained in paragraph 36 of the Complaint inconsistent with that document.

37. The allegations contained in paragraph 37 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant states that the Volkman February Letter is the best evidence of its contents and denies all allegations contained in paragraph 38 of the Complaint inconsistent with that document.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint. Defendant further states that the document attached as Exhibit C to the Complaint is dated January 4, 2018 and appears to be a duplication of the Volkman January Letter that was attached as Exhibit B to the Complaint—not the Volkman February Letter.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

4827-3580-8621, v. 2

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant states that the Volkman February Letter is the best evidence of its contents and denies all allegations contained in paragraph 42 of the Complaint inconsistent with that document.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant states that the Volkman February Letter is the best evidence of its contents and denies all allegations contained in paragraph 44 of the Complaint inconsistent with that document.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant states that the Long Letter, the Volkman January Letter, and the Volkman February Letter are the best evidence of their contents and denies all allegations contained in paragraph 47 of the Complaint inconsistent with those documents.

48. Defendant states that the Long Letter, the Volkman January Letter, and the Volkman February Letter are the best evidence of their contents and denies all allegations contained in paragraph 48 of the Complaint inconsistent with those documents.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

### V. POLICIES AND PRACTICES COMPLAINED OF

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

4827-3580-8621, v. 2

## VI. CLASS ALLEGATIONS

53. Paragraph 53 of the Complaint contains a description of Plaintiffs' action, to which no response is required. To the extent a response is required, Defendant denies those allegations.

54. Paragraph 54 of the Complaint contains a description of Plaintiffs' action, to which no response is required. To the extent a response is required, Defendant denies those allegations.

55. Paragraph 55 of the Complaint contains a description of Plaintiffs' action, to which no response is required. To the extent a response is required, Defendant denies those allegations.

56. Defendant admits the allegations contained in paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint contains a description of Plaintiffs' action, to which no response is required. To the extent a response is required, Defendant denies those allegations.

58. The allegations contained in paragraph 58 of the Complaint (including subparts (a), (b), (c), and (d)) contain legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 58 of the Complaint.

59. The allegations contained in paragraph 59 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint contains a description of Plaintiffs' action, to which no response is required. To the extent a response is required, Defendant denies those allegations.

## VII. FIRST CAUSE OF ACTION

61. Defendant reincorporates and restates each and every response set forth in paragraphs 1-60 above as if fully stated herein.

62. The allegations contained in paragraph 62 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 62 of the Complaint.

63. The allegations contained in paragraph 63 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 63 of the Complaint.

64. The allegations contained in paragraph 64 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 64 of the Complaint.

65. The allegations contained in paragraph 65 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 65 of the Complaint.

66. The allegations contained in paragraph 66 of the Complaint contain legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 66 of the Complaint.

67. The allegations contained in paragraph 67 of the Complaint contain legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 67 of the Complaint.

68. The allegations contained in paragraph 68 of the Complaint contain legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 68 of the Complaint.

69. The allegations contained in paragraph 69 of the Complaint contain legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 69 of the Complaint.

70. Defendant states that the Long Letter is the best evidence of its contents and denies all allegations contained in paragraph 70 of the Complaint inconsistent with that document.

71. Defendant states that the Volkman January Letter is the best evidence of its contents and denies all allegations contained in paragraph 71 of the Complaint inconsistent with that document.

72. Defendant states that the Volkman February Letter is the best evidence of its contents and denies all allegations contained in paragraph 72 of the Complaint inconsistent with that document.

73. Defendant denies the allegations contained in paragraph 73 of the Complaint.

74. The allegations contained in paragraph 74 of the Complaint (including subparts (a) and (b)) contain legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 74 of the Complaint.

4827-3580-8621, v. 2

75. Paragraph 75 of the Complaint contains a description of Plaintiffs' Prayer for Relief, to which no response is required. To the extent a response is required, Defendant denies those allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the wrongful conduct of Plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the doctrines of waiver and/or acquiescence.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiffs lack standing to bring this action.

4827-3580-8621, v. 2

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to raise any defense available in fact or law. Defendant alleges that, after appropriate discovery, other affirmative defenses may be applicable. Since Plaintiffs' claims may be barred by other affirmative defenses that cannot be determined until Plaintiffs have fully responded to discovery, Defendant expressly reserves the right to amend this pleading and assert any additional defenses that may be revealed during the discovery process.

WHEREFORE, Defendant respectfully requests that judgment be entered for Defendant, and that Defendant be awarded their attorney's fees and expenses and such further relief that may be deemed proper and necessary.

Date:   July 26, 2018

                Respectfully submitted:

/s/ *Nathan Daniel Adler*
Nathan Daniel Adler
Neuberger, Quinn, Gielen, Rubin
& Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland  21202-3201
(410) 332-8516
nda@nqgrg.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of July, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system:

Philip D. Stern
Andrew T. Thomasson
STERN THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, New Jersey 07081-1315
philip@sternthomasson.com
andrew@sternthomasson.com

*Attorneys for Plaintiffs*

By: _____/s/_____
 Nathan D. Adler

4827-3580-8621, v. 2